

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

JOHN BEN SHEPPERD
ATTORNEY GENERAL

September 27, 1955

Mr. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. S-176

Re: Duty of the State Auditor
to audit the Texas Turn-
pike Authority.

Dear Mr. Cavness:

You request an opinion of this office as to whether the State Auditor is required to make an audit of the Texas Turnpike Authority under the provisions of Article 4413a-13, Vernon's Civil Statutes. You also ask whether an annual audit by the State Auditor would satisfy the provisions of Section 21 of Chapter 410, Acts 53rd Legislature, Regular Session, 1953, page 967. Said Act is codified as Article 6674v.

Article 4413a-13 enumerates the duties of the State Auditor. Said article reads in part as follows:

"The State Auditor is hereby granted the authority and it shall be his duty:

"1. . . .

"2. To personally, or by his duly authorized assistants, examine and audit all fiscal books, records and accounts of all custodians of public funds, and of all disbursing officers of this State, making independent verification of all assets, liabilities, revenues and expenditures of the State, its departments, boards, bureaus, institutions, commissions or agencies thereof now in existence or hereafter created."

Mr. C. H. Cavness - page 2 (S-176)

It was held in the case of Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302 (Tex.Sup.1955) that the Texas Turnpike Authority is an agency of the State of Texas. See Section 3 of Article 6674v.

It is, therefore, our opinion that the State Auditor is required by the provisions of Article 4413a-13 to audit the affairs of the Texas Turnpike Authority. If the Legislature had intended to relieve the State Auditor of this responsibility, it should have made specific exemption to Art. 4413a-13.

The last sentence of Section 21, Article 6674v, reads as follows:

"The Authority shall cause an audit of its books and accounts to be made at least once in each year by certified public accountants and the cost thereof may be treated as a part of the cost of construction or of operation of the turnpike project."

The fact that the cost of the audit may be treated as a part of the cost of construction or of operation of the turnpike project indicates that it was the legislative intent to provide an independent audit of the Authority's books and accounts, since the State Auditor is paid for his services by legislative appropriation and not by the agencies whose books and records he audits. It is also noted that Section 711 of the trust indenture executed by the Authority in financing the Dallas-Fort Worth Turnpike project requires an independent audit of the books and accounts of the Authority.

SUMMARY

The State Auditor is required to audit the books, accounts and records of the Texas Turnpike Authority under the provisions of Article 4413a-13, V.C.S.

An independent audit is required to be made of the Texas Turnpike Authority's books and accounts under the provisions of Section 21, Article 6674v, V.C.S.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General of Texas

By *Milton Richardson*

Milton Richardson
Assistant

APPROVED:

J.A. Amis, Jr.
Land Division

John Reeves
Reviewer

Mary K. Wall
Reviewer

Davis Grant
Special Reviewer

Will D. Davis
Special Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

MR:bt